IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK E. RICHARDS,

    Plaintiff,

v.                          Civil Action No. 3:14CV125

LISA NUSS,

    Defendant.

**MEMORANDUM OPINION**

Mark E. Richards, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

**I.  Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The Court may look to its own records in assessing whether a claim is frivolous. See id. at 427-28. The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by

2

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his

3

or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   Summary of Allegations

Richards, a Virginia inmate eligible for discretionary parole, brings this action against Lisa Nuss, an institutional counselor at Deep Meadow Correctional Center. Richards contends that Nuss caused him to transmit false information about his prison employment to the Virginia Parole Board which resulted in the denial of Richards's release on discretionary parole in 2014.[2] Richards asserts that as a result of Defendant Nuss's

---

[2] Specifically, Richards alleges that:

Plaintiff informed Defendant that he wished to convey
accurate information concerning his employment to the
[Parole]       Board       at       the       upcoming
interview . . . . Defendant informed Plaintiff that

4

action, "Plaintiff's liberty interest to meaningful consideration for parole suitability was infringed and as a result thereof deprived of due process of law." (Id. at 4.)

### III. Analysis

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . . not all

---

her review of his institutional records indicated that he was still employed as a Housekeeping Worker in 6B and that information would be transmitted to the Board in her parole report. Plaintiff was interviewed by a representative from the Board the morning of January 13, 2014, during which he stated that he was employed as a Housekeeping Worker in 6B . . . . On the night of January 13, 2014, Plaintiff received his Offender Pay Statement for the period of December 2, 2013 to January 5, 2014, and learned for the first time that his employment as a Housekeeping Worker in 6B had been terminated on December 30, 2013.

(Compl. 3 (spelling corrected)(citation omitted).)

situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson v. Austin, 545 U.S. 209, 220-21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)).

The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes fail to create a protected liberty interest in release on parole. See Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (citing Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991); Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996)). Virginia, however, has created a limited liberty interest in consideration for parole. Burnette v. Fahey, 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010); Burnette, 687 F.3d at 181. "'The question thus becomes what procedures are required under the Due

Process Clause in [considering] an inmate for discretionary release on parole.'" Burnette, 2010 WL 4279403, at *8 (quoting Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008)).

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Burnette, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette, 2010 WL 4279403, at *8 (citation omitted). Moreover, "where the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986) (citing Zant v. Stephens, 462 U.S. 862 (1983)).

Here, the Virginia Parole Board provided Richards with a statement of its reasons for denying him parole. Memorandum in Support of Petition for Writ of Habeas Corpus Attachment D, at 1, Richards v. Clarke, 3:14CV715 (E.D. Va. filed Oct. 29, 2014),

7

ECF No. 2-1, at 4 (as paginated by CM/ECF). Contrary to Richards's allegation, the Virginia Parole Board did not deny Richards's parole because of any false information about his prison employment. (Id.) Richards was denied parole based upon accurate information that he was and is a poor candidate for parole. See Richards v. Clarke, No. 3:12CV639, 2014 WL 693505, at *1-5 (E.D. Va. Feb. 21, 2014) (describing Richards's extensive criminal record and poor behavior while on release on parole). Because Richards has received all of the process that the Constitution requires, he fails to state a claim for relief for the denial of due process. Moreover, Richards's assertion that he was denied parole because of inaccurate information about his prison employment is frivolous.

The action will be dismissed for failure to state a claim and as legally and factually frivolous. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Richards.

_____ /s/   REP

Robert E. Payne
Senior United States District Judge

Date:
Richmond, Virginia

8