IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARK E. RICHARDS,

    Plaintiff,

v.    Civil Action No. 3:14CV125

LISA NUSS,

    Defendant.

**MEMORANDUM OPINION**

Mark E. Richards, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action. Richards asserted he was denied due process because Lisa Nuss caused him to transmit false information about his prison employment to the Virginia Parole Board which resulted in the denial of Richards's release on discretionary parole in 2014. By Memorandum Opinion and Order entered on May 8, 2015, the Court rejected Richards's action as legally and factually frivolous:

> Here, the Virginia Parole Board provided Richards with a statement of its reasons for denying him parole. Memorandum in Support of Petition for Writ of Habeas Corpus Attachment D, at 1, Richards v. Clarke, 3:14CV715 (E.D. Va. filed Oct. 29, 2014), ECF No. 2-1, at 4 (as paginated by CM/ECF). Contrary to Richards's allegation, the Virginia Parole Board did not deny Richards's parole because of any false information about his prison employment. (Id.) Richards was denied parole based upon accurate information that he was and is a poor candidate for parole. See Richards v. Clarke, No. 3:12CV639, 2014 WL 693505, at *1-5 (E.D. Va. Feb. 21, 2014) (describing Richards's extensive criminal record and poor behavior while on release on parole). Because Richards has received all

> of the process that the Constitution requires, he fails to state a claim for relief for the denial of due process. Moreover, Richards's assertion that he was denied parole because of inaccurate information about his prison employment is frivolous.

Richards v. Nuss, No. 3:14CV125, 2015 WL 2169524, at *3 (E.D. Va. May 8, 2015).

The matter is before the Court on Richards's demand for relief under Federal Rule of Civil Procedure 60(b). A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207). Here, Richards simply cites some inapplicable authority. Richards fails to demonstrate any exceptional circumstances or that he has a meritorious claim. Accordingly, Richards Rule 60(b) Motion (ECF No. 19) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Richards.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Date: October 1, 2015
Richmond, Virginia